UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                              Misc. Case No. 14-51456

v.                            (Related to Crim. Case No. 12-20372)
                              Hon. John Corbett O'Meara

MICHAEL RODGERS, *et al.*,

     Defendants.

_____/

## ORDER DENYING CLAIMANTS' MOTION
## FOR RETURN OF THINGS SEIZED

     Before the court is Claimants MSF Auto Leasing and Martin Kehoe's motion for the return of property seized pursuant to Federal Rule of Criminal Procedure 41(g).  The government filed a response on November 13, 2014.  Pursuant to LR 7.1(f), the court did not hear oral argument.

## BACKGROUND FACTS

     Claimants contend that they own a 2006 Rolls Royce Phantom that was seized by the government and is subject to forfeiture in the above-captioned criminal case.  The United States obtained custody of the Rolls Royce pursuant to a seizure warrant authorized on February 28, 2013.  The United States alleges that the seized vehicle facilitated part of the drug trafficking conspiracy charged in the criminal case.  The Fourth Superseding Indictment includes criminal forfeiture

allegations pursuant to 21 U.S.C. § 853.  On August 7, 2013, the United States

filed a forfeiture bill of particulars that includes notice that it seeks to forfeit the

2006 Rolls Royce Phantom.

## LAW AND ANALYSIS

Claimants seek return of the 2006 Phantom pursuant to Federal Rule of

Criminal Procedure 41(g).  Rule 41(g) provides that a "person aggrieved by an

unlawful search and seizure of property or by the deprivation of property may

move for the property's return."  Id.  Courts, including the Sixth Circuit, have held

that Rule 41(g) provides an equitable remedy that is not available where there an

adequate remedy at law.  See Brown v. United States, 692 F.3d 550, 552-53 (6th

Cir. 2012).

In this case, a criminal proceeding is pending.  At the conclusion of the

criminal proceeding, an ancillary proceeding may commence pursuant to 21 U.S.C.

§ 853(n) and Fed. R. Crim. P. 32.2(c), in which Claimants may assert their interest

in the property.  See Brown, 692 F.3d at 552.  As the Sixth Circuit explained:

> Under 21 U.S.C. § 853(k)(2), a third party asserting an
> interest in a forfeiture proceeding is "expressly barred ...
> from 'commenc[ing] an action at law or equity against
> the United States the validity of his alleged interest in the
> property."  "A third party's only avenue for protecting
> his interest is the procedure set forth in 21 U.S.C. §
> 853(n), which provides that '[a]ny person, other than the
> defendant, asserting a legal interest in property which has

been ordered forfeited to the United States pursuant to this section' may 'petition the court for a hearing to adjudicate the validity of his alleged interest in the property."

Id. (citations omitted).  See also Fed. R. Crim. P. 32.2(c) ("If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding.").

Because Claimants have an adequate remedy at law through a § 853(n) proceeding, equitable relief pursuant to Rule 41(g) is not available.  See Brown, 692 F.3d at 553 ("Because 21 U.S.C. § 853(n) provides Brown with an adequate remedy at law for the purpose of vindicating her interest in the [property], she is not entitled to equitable relief.").

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Claimants' October 27, 2014 motion for return of things seized pursuant to Fed. R. Crim. P. 41(g) is DENIED.


s/John Corbett O'Meara
United States District Judge


Date:  January 9, 2015

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 9, 2015, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager